Per Curiam.

Every objection to the competency of Markum, as a witness, if any existed, was removed by the mutual releases executed between him and the defendant.(a)
As to the second point. The discharge or.release must be intended to have been well delivered. Nothing to the contrary appears. A formal' delivery is not essential, if there be any act evincing the intent.(b)
*305 We also think with the judge at the trial, that the weight of evidence was in favor of the defendant ;- and that the plaintiff ought not to recover.(a)
We are, therefore, of opinion, that a new trial ought not to be granted.
Rule refused!

 1 Phil. Ev. 133, Cowen & Hill’s ed. and n.

 Woodman v. Coolbroth, 7 Greenleaf, 184. Hughes v. Hasten, 4 J. J. Marsh. 573. “ The acts and circumstances which shall be taken as sufficient evidence of delivery, are various. A delivery is frequently presumed." Math. Pres. Ev. 39. It is seldom, indeed, that a party is able to show a distinct, formal act of delivery. The delivery may, therefore, he inferred from words without acts, or from acts without words, or from both combined. Hughes v. Easten, 4 J. J. Marsh. 572, 3. Verplank v. Sterry, 12 Johns. Rep. 536. Folly. v. Vantuyl, 4 Halst. 152. M’Kinney v. Rhoades, 5 Watts’ Rep. 344. Byers v. M'Clanahan, 6 Harr. & John. 250, 255, 6. Gardner v. Collins, 4 Mason, 398.”
As a general rule, “ to constitute a complete delivery of a deed, the grantor ■ must do some act putting it beyond his power to revoke. Frtshie v. McCarty, 1 Stewl & Port. 61. See Maynard v. Maynard, 10 Mass. R. 458. The delivery need not be to the party, but may be to another person by sufficient authority from the party ; or, it may be to-a stranger, for and in behalf and to the use, of the party, without authority ; and in either case, if unconditional, the deed will take effect instanter. Alsop v. Swathel, 7 Conn. Rep. 503. Verplank v. Sterry, 13 Johns. R. 536, 546, 551, 3. Jackson ex dem. Eames v. Phipps, id. 418, 421. Sounerbye v. Arden, 1 Johns. Ch. R. 340. Cook’s *305 adm’r v. Hendricks, 4 Monroe, 503. Raymond v. Smith, 5 Conn. Rep. 559. Doe ex dem. Garnons v. Knight, 8 Dowl. & Ryl. 348, 364, 5. Chess v. Chess, 1 Pennsylv. Rep. 32. McKinney v. Rhoades, 5 Watts’ Rep. 344. Burns v. Hatch, 3 N. Hamp. Rep. 304. Daniel v. Bratton, 1 Dana, 210. Church v. Gilman, 15 Wend. 646. Inlow v. The Commonwealth, 6 Monroe, 74, A deed may be delivered by depositing it in the post office, directed to the party for whom, it was made. M’Kinney v. Rhoades, 5 Watts’ Rep. 343, Or, by depositing it in the proper office to be recorded as an executed deed, if accepted afterward by the grantee. Frisbie v. McCarty, 1 Stewart & Porter, 61. See Daniel v. Bratton, 1 Dana’s Rep. 210. But a deed signed, sealed and deposited, to be kept or hejd by the depositee, subject to the order of the depositor, is not delivered, either actually or constructively; on the contrary, the terms of the deposit exclude the idea of a delivery. Alsop v. Swathel, 7 Conn. Rep. 500.” Cowen & Hill’s Notes to 1 Phil. Ev. 1281, 1282, 1284;

 Graham on New Trials, 368.